UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADANA FINCH, RAMON FINCH, and COYA SHORTER,<br><br>Plaintiffs,<br><br>v.<br><br>HOUSING AUTHORITY OF COOK COUNTY,<br><br>Defendants. | Case No. 17-cv-8492<br><br>Judge John Robert Blakey |

# MEMORANDUM OPINION AND ORDER

Plaintiff Adana Finch, individually and as parent and next friend of Ramon Finch, Jr. and Coya Shorter, sues the Housing Authority of Cook County (HACC), alleging disability discrimination in violation of Section 504 of the Rehabilitation Act (Count I) and Section 3604(f) of the Fair Housing Act (FHA) (Count II). [54]. In a July 19, 2018 order, this Court granted Defendants'[1] motion to dismiss Plaintiffs' First Amended Complaint, [38], without prejudice. [45]. Plaintiffs have since filed a Second Amended Complaint (SAC), [54], and Defendant has again moved to dismiss all claims, this time with prejudice. [60]. For the reasons explained below, this Court grants in part, and denies in part, Defendant's motion.

---

[1] Plaintiffs' original and First Amended Complaints named the HACC as well as several of its employees. [1] [8] [34]. Plaintiffs removed these individuals in their Second Amended Complaint. [54].

1

## III.    The Complaint's Allegations

This Court incorporates by reference, and presumes familiarity with, its prior opinion addressing Defendants' motion to dismiss Plaintiff's First Amended Complaint, [46], and thus only briefly revisits the alleged facts from which Plaintiff's claims arise.

Adana and her two children, Ramon[2] and Shorter, previously resided in a three-bedroom apartment through a Section 8 voucher from Defendant. [54] ¶¶ 3–4. On May 18, 2017, Plaintiffs' landlord informed Plaintiffs that she would not renew their lease after it ended on August 31, 2017 because Defendant refused to approve an increase in the contract rent amount. [1] at 9.[3] Defendant advised Plaintiffs' landlord that reduced federal funding levels, caused by uncertainty in Congress, forced it to adopt cost saving measures. *Id.* at 10–11. These cost saving measures included: (1) generally denying rent voucher increases; and (2) requiring that two family members share a bedroom, regardless of the members' age, sex, or relationship. *Id.*

Plaintiffs allege that on or about May 19, 2017, they asked Defendant to approve a three-bedroom apartment as a reasonable accommodation based upon their

---

[2] Because Plaintiffs Adana Finch and Ramon Finch share a last name, this Court refers to them by first name throughout this opinion.

[3] At Defendant's request, this Court takes judicial notice of Plaintiffs' original complaint and the documents attached, [1]. *See Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1048 (7th Cir. 2019) (where plaintiffs' amended complaint removed all references to dates outside of statute of limitations period after dismissal based upon that ground, the court held an "amended pleading does not operate as a judicial tabula rasa" and thus "a party may offer earlier versions of its opponent's pleadings as evidence of the facts therein."); *see also Watkins v. United States*, 854 F.3d 947, 950 (7th Cir. 2017) ("Absent a claim that there is a plausible, good-faith basis to challenge the legitimacy of [a prior complaint]," the court is entitled to take judicial notice of the prior complaint and its contents).

2

disabilities. [54] ¶ 8. Adana does not claim any disability, but Ramon has autism spectrum disorder, asthma, and learning disabilities. *Id.* ¶¶ 11, 35. Shorter suffers from bipolar II disorder as well as learning disabilities, a panic disorder, and claustrophobia. *Id.* ¶¶ 11, 37. Plaintiffs allege that Ramon and Shorter require separate rooms because of these disabilities. *Id.*

Defendant denied Plaintiffs' reasonable accommodation request in June 2017. *Id.* ¶ 9; [1] at 12–13. Due to this denial, Plaintiffs' landlord refused to renew their lease and asked them to leave. [54] ¶ 10. According to Plaintiff, Defendant made arrangements for other Section 8 families residing in the building to remain in three-bedroom apartments without paying any additional cost. *Id.* ¶ 13.

When Plaintiffs began looking for new apartments, Adana again notified Defendant that she needed an accommodation based upon her children's disabilities—specifically, a three-bedroom apartment. *Id.* ¶¶ 14–15. Defendant refused this accommodation and instead authorized payment only for a two-bedroom apartment. *Id.* ¶ 16. As a result, Plaintiffs rented a three-bedroom apartment and paid for the additional cost of the third bedroom themselves "for a number of months," which caused a serious hardship due to the family's low-income. *Id.* ¶¶ 17–18. Due to this additional cost, Plaintiffs eventually rented an apartment that did not suit their family's needs in order to afford the rent. *Id.* According to Plaintiffs, only after incurring all the moving costs and many months of rental payments did Defendants acknowledge that Plaintiffs' disabilities necessitated a third bedroom and approve this additional cost. *Id.* ¶ 20. Plaintiffs do not specify when Defendant made this

3

approval decision. *See generally id.* Defendant has never repaid Plaintiffs' lost rent or moving costs. *Id.*

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

In evaluating a complaint on a Rule 12(b)(6) motion, this Court accepts all well-pled allegations as true and draws all reasonable inferences in Plaintiffs' favor. *Iqbal*, 556 U.S. at 678. This Court does not, however, accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). On a motion to dismiss, this Court may consider the complaint itself, documents attached to the complaint, documents central to the complaint and to which the complaint refers, and information properly subject to judicial notice. *Williamson*, 714 F.3d at 436.

## III. Analysis

Counts I and II each contain one failure to accommodate claim and two disparate treatment claims against Defendant. Specifically, Counts I and II allege that Defendant violated the Rehabilitation Act and FHA by: (1) refusing to make reasonable accommodations when it did not approve a higher rental voucher payment or approve a different three-bedroom apartment when Plaintiffs were forced to move; (2) forcing Plaintiffs to move while allowing similarly situated families to remain in their three-bedroom apartments; and (3) approving rent voucher increases for other similarly situated renters. [54] ¶¶ 40, 48, 49. This Court analyzes each claim in turn.

### A. The Rehabilitation Act & FHA Generally

Section 504 of the Rehabilitation Act prohibits programs receiving federal funds from discriminating based upon disability, including by improperly denying benefits to those with disabilities. 29 U.S.C. § 794(a). To state a section 504 claim against Defendant, Plaintiffs must each allege that: (1) they qualify as disabled under the Act; (2) they are otherwise qualified for the benefit sought; (3) Defendant discriminated against them solely by reason of their disabilities; and (4) Defendant receives federal funding. *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 484 (7th Cir. 2019). For purposes of this motion, Defendant concedes that under the Rehabilitation Act, Plaintiffs were otherwise qualified to receive housing assistance from Defendant (prong 2) and Defendant receives federal financial assistance (prong 4). [62] at 6. Thus, Defendant challenges only the first and third prongs.

5

To satisfy the third prong, Plaintiffs can assert that Defendant intentionally discriminated against them, or that Defendant failed to afford them a reasonable accommodation for their disabilities. *Id*. Plaintiffs must allege a causal connection between their disability and the alleged discrimination, but only the first method of proof (intentional discrimination) requires a showing of discriminatory animus. *Id*. at 846–49; *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 562 (7th Cir. 2003)).

Similarly, the FHA prohibits public entities from: (1) intentionally discriminating based upon an individual's disability, or disparate treatment; (2) failing to provide reasonable accommodations to a disabled individual; and (3) enacting a rule that has a discriminatory effect on the disabled, or disparate impact. *See* 42 U.S.C. § 3604(f); *Bloch v. Frischholz*, 587 F.3d 771, 784 (7th Cir. 2009).

Thus, both acts contemplate failure to accommodate and intentional discrimination, or disparate treatment, claims; Plaintiffs bring both here. [54] ¶¶ 40, 48–49. Because the standards for these claims are essentially the same under the Rehabilitation Act and FHA, this Court analyzes both statutes together. *See Oconomowoc Residential Programs v. City of Milwaukee*, 300 F.3d 775, 782 (7th Cir. 2002); *Jackson v. City of Chicago*, 414 F.3d 806, 810–11 (7th Cir. 2005); *Dadian v. Village of Wilmette*, 269 F.3d 831, 837 (7th Cir. 2001).

And under both acts, whether Plaintiffs have properly alleged they are disabled constitutes a threshold issue. *See* 45 C.F.R. § 84.3(j)(1) (Department of Housing and Urban Development definition of handicap for the Rehabilitation Act);

6

42 U.S.C. 3604(f) (FHA). Accordingly, this Court first considers Plaintiffs' disability status before turning to their failure to accommodate and disparate treatment claims.

### B. Plaintiffs' Alleged Disabilities

As an initial matter, the parties dispute whether all Plaintiffs qualify as disabled under the FHA and Rehabilitation Act. Under both statutes, an individual qualifies as disabled where she: (1) has a mental or physical impairment that substantially limits a major life activity; (2) demonstrates a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 3602(h); 29 U.S.C. § 705(9).

Defendant concedes that Ramon has a qualifying disability under the Act. [61] at 7. And Shorter alleges that she suffers from a learning disability, bipolar II disorder, panic disorder, and claustrophobia, all of which substantially limit, for example, her ability to sleep, focus, and concentrate. [54] ¶ 37. At the motion to dismiss stage, such allegations plausibly establish disability under the Act. *See, e.g.*, *Silk v. City of Chicago*, No. 95 C 0143 1997 WL 790598, at *7 (N.D. Ill. Dec. 17, 1997) ("This court . . . finds that sleep is a 'major life activity.' Sleep is a basic function that humans do as part of their daily life."), *aff'd*, 194 F.3d 788 (7th Cir. 1999). Thus, Ramon and Shorter both properly allege disability at this stage.

Plaintiffs concede that Adana fails to allege that she suffers from a disability. *See* [66] at 2; *see generally* [54]. Nor does Adana allege that she requires her own room as a reasonable accommodation. *See generally* [54]. Thus, this Court dismisses Adana's failure to accommodate claims under Counts I and II.

7

Individuals can, however, bring disparate treatment claims based upon associational discrimination under the Rehabilitation Act and FHA. *See Hale v. Pace*, No. 09 C 5131, 2011 WL 1303369, at *4 (N.D. Ill. Mar. 31, 2011) (finding plaintiff stated an associational discrimination claim under the Rehabilitation Act); 42 U.S.C. § 3604(f)(1)(C), (2)(C) (it is unlawful to discriminate, under the FHA, against individuals because "of a handicap of . . . any person associated" with that individual). And here, Adana alleges that Defendant discriminated against the whole family due to Ramon and Shorter's disabilities, [54] ¶¶ 40, 48−49; [66] at 2. Thus, although Adana does not allege any disability, she can nonetheless state an associational discrimination claim for disparate treatment against Defendant under both acts.

This Court first turns to Ramon and Shorter's failure to accommodate claim before analyzing Plaintiffs' disparate treatment claim.

### C. Ramon & Shorter's Failure to Accommodate Claim

To sustain a claim for failure to accommodate under the Rehabilitation Act, Ramon and Shorter must allege that: (1) they suffer from a disability; (2) Defendant was aware of their disabilities; and (3) Defendant failed to accommodate their disability reasonably. *Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019) (citing *E.E.O.C. v. AutoZone*, 809 F.3d 916, 919 (7th Cir. 2016)).

Similarly, to plead a claim for failure to accommodate under the FHA, a plaintiff must show that: (1) he suffers from a disability; (2) the defendant knows of the disability or reasonably should be expected to know of it; (3) an accommodation may be necessary to give the plaintiff an equal opportunity to use and enjoy the

8

dwelling; and (4) the defendant refused to make a reasonable accommodation. *Geraci v. Union Square Condo. Ass'n*, No. 15 C 2466, 2017 WL 372303, at *6 (N.D. Ill. Jan. 26, 2017) (citing *Stevens v. Hollywood Towers & Condo. Ass'n*, 836 F. Supp. 2d 800, 808 (N.D. Ill. 2011)).

Defendant argues that Ramon's failure to accommodate claim cannot proceed because Ramon received a reasonable accommodation. [61] at 7. This Court agrees.

Here, Defendant clearly accommodated Ramon's request. The correspondence attached to Plaintiffs' initial Complaint demonstrates that Defendant acknowledged Ramon's disability and stated:

> Our program rules provide for one bedroom for every two persons living in an apartment unit. Since your household contains three persons, you are eligible for a two bedroom voucher. The documentation that was submitted identified the need for Ramon to have a bedroom separate from other household members due to his disability, but it did not sufficiently document any disabilities of any other household members that would require a third bedroom in order to accommodate a disability. Accordingly, a voucher for a two bedroom unit is sufficient to accommodate Ramon's disability.

[1] at 12; 26–27. Because the exhibits attached to Plaintiffs' initial complaint indicate that Defendant gave Ramon the precise accommodation that Adana requested for him—his own room—Ramon cannot establish a failure to accommodate claim under either act.

Next, Defendant argues that Shorter's failure to accommodate fails because she has not properly alleged a disability. [61] at 5–6. Defendant notes that Shorter's certification, filed in support of her reasonable accommodation request, indicates only that she has anxiety and a learning disability, and thus does not demonstrate that

9

these problems limit one or more substantial life activities. *Id.* But, Defendant's argument ignores the SAC's allegations; at the time they first moved into their original three-bedroom apartment, Plaintiffs submitted documentation necessary to establish their disabilities and qualify for the three-bedroom apartment, giving Defendant knowledge of Shorter's bipolar II disorder and other disabilities. *Id.* ¶¶ 5, 37. Whether Defendant properly relied upon Shorter's certification when denying her accommodations request, or whether it did, in fact, have prior knowledge of her disability when denying her request, are questions best left for summary judgment.

Therefore, because Shorter alleges that: (1) she has a disability, [54] ¶ 37; (2) Defendant knew about this disability, *id.* ¶ 5; (3) she requires her own room because of her disabilities, *id.* ¶ 11; and (4) Defendant nonetheless denied her reasonable accommodation request, *id.* ¶¶ 9, 11, Shorter has sufficiently alleged a failure to accommodate claim under the both acts. *Scheidler*, 914 F.3d at 541; *Geraci*, 2017 WL 372303, at *6.

Accordingly, this Court grants Defendant's motion to dismiss as to Ramon's failure to accommodate claim (included in Counts I and II) and denies Defendant's motion as to Shorter's failure to accommodate claim (included in Counts I and II).

### D. Plaintiffs' Disparate Treatment Claim

In addition to their failure to accommodate claims, Plaintiffs also bring intentional discrimination claims under both the Rehabilitation Act and FHA. [54] ¶¶ 40, 48–49. Specifically, they allege that Defendant intentionally discriminated against them by: (1) forcing Plaintiffs to move while allowing similarly situated

families to remain in their three-bedroom apartments; and (2) approving rent voucher increases for other similarly situated renters. *Id*. Defendant argues that both disparate treatment theories fail because they allege "only conclusory allegations that unidentified others are 'similarly situated' to the Plaintiffs." [61] at 9. This Court agrees.

Intent to discriminate constitutes an "essential element" of disparate treatment claims under both the FHA and Rehabilitation Act. *A.B. Hous. Auth. of South Bend*, 3:11 CV 163 PPS, 2011 WL 4005987, at *4 (N.D. Ind. Sept. 8, 2011) (citing *Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Ross*, 486 F.3d 267, 278 (7th Cir. 2007); *Bloch*, 587 F.3d at 784). But here, Plaintiffs' only allegations suggesting discriminatory intent state that Defendant discriminated "against plaintiffs solely on the basis of disability" and treated Plaintiffs differently than "similarly situated" renters. *See* [54] ¶¶ 40, 48−49. These allegations "are precisely the type of general allegations, devoid of any factual enhancement, that the courts in *Iqbal* and *Brooks* rejected as conclusory." *A.B. Hous. Auth.*, 2011 WL 4005987, at *5 (rejecting as conclusory statements that housing authority acted "intentionally and maliciously," evicted plaintiff "because of" or "on the basis of" her disability, and "unfairly treated [plaintiff] compared to 'similarly situated' tenants") (internal citations omitted).

The SAC does not allege, for example, how many household members resided in each household, whether those households included disabled individuals, the terms of those families' leases, or whether anyone in the household ever sought or received reasonable accommodations for a disability. *See generally* [54]. Absent any factual

11

context in which this Court can infer discriminatory intent based upon disability, Ramon and Shorter's disparate treatment claim cannot survive the motion to dismiss stage. *See, e.g.*, *McReynolds v. Merrill Lynch & Co., Inc.*, No. 08 C 6105, 2011 WL 1196859, at *4 (N.D. Ill. Mar. 29, 2011) ("In short, plaintiffs allege that the system was designed with discriminatory intent, but under *Iqbal* they must do more. They must plead sufficient factual matter to show that defendants adopted and implemented the retention system not for a neutral reason, but for the purpose of discriminating against African-American FAs.").

Accordingly, this Court grants Defendant's motion to dismiss Plaintiffs' intentional discrimination claims (included within Counts I and II).

**E.     Leave to Replead**

Defendant argues that this Court should dismiss Plaintiffs' SAC with prejudice. [61] at 15. Although, in general, Rule 15(a) states that trial courts "should freely give leave [to amend] when justice so requires," that command can be outweighed by factors such as "undue delay, bad faith, and futility." *Fish v. Greatbanc Trust Co.*, 749 F.3d 671, 689 (7th Cir. 2014). Here, this Court finds that the record does not warrant giving Plaintiff leave to replead, because this Court has already given Plaintiffs the opportunity to amend multiple times, without success, [45], and Defendant will suffer undue delay by further amendments. Accordingly, this Court dismisses with prejudice: (1) Counts I and II as to Adana and Ramon; and (2) Shorter's intentional discrimination claim, to the extent it is included within Counts I and II.

12

## IV. Conclusion

This Court partially grants and partially denies Defendant's motion to dismiss. [60]. Counts I and II are dismissed with prejudice as to Adana and Ramon. Shorter's intentional discrimination claim, to the extent it is included within Counts I and II, is dismissed with prejudice. Shorter's failure to accommodate claim, included within Counts I and II, remains. The case is set for a case management conference on 08/14/19 at 9:45 a.m. in Courtroom 1203.

Dated: August 9, 2019

Entered:

John Robert Blakey
United States District Judge